C. C. DUNHAM and BEDO DYER, Appellants, v. WILLIAM HINTON, HENLEY STACEY, G. L. HALL, S. L. MILLER, J. W. SHOEMAKER, J. E. DOUGLASS, W. F. REYNOLDS and J. O. REYNOLDS.—58 S. W. (2d) 439.

Division One, March 16, 1933.

*T. C. Owen* and *M. D. Aber* for appellants.

*C. C. Dickinson,* *W. E. Owen & Son,* *W. E. Suddath,* *Nick M.*
*Bradley* and *Jas. A. Parks* for respondents.

GANTT, J.—Action on a contract of guaranty. The demurrer
to the petition was sustained. Plaintiffs refused to plead further
and judgment was entered for defendants. The amount involved
fixed appellate jurisdiction in this court. In substance the petition
alleged facts as follows:

On July 18, 1922, the Commissioner of Finance doubted the value
of certain assets of a bank and believed it to be insolvent. Defend-
ants owned stock in and were directors of the bank. Furthermore,
they had on deposit in the bank large sums of money. In this situa-
tion and to prevent a liquidation of the bank, defendants executed
and delivered to the Commissioner a contract of guaranty. On the
execution and delivery of the contract the Commissioner returned to
the bank all of its books, papers and evidences of debt and permitted

it to continue business. It so continued until October 6, 1925. On that day the Commissioner took possession of the bank as an insolvent institution. In due course he proceeded to liquidate same. In doing so he duly and legally sold at public sale certain notes payable to and owned by the bank. Plaintiffs purchased the notes. They were unable to collect from the makers. Thereupon they instituted this suit against defendants on the contract of guaranty.

The contract was under consideration in Craig v. Stacy, 330 **Mo.** 569, 50 S. W. (2d) 104. And a similar contract was considered in Love v. Dampeer (Miss.), 132 So. 439, 73 A. L. R. 1376. In part the contract under consideration follows:

"This agreement made and entered into this 18th day of July, 1922, by and between: Guilford Morris, W. F. Reynolds, J. W. Shoemaker, S. L. Miller, G. L. Hall, Henley Stacey, J. E. Douglass, W. T. Baker, J. O. Reynolds, and William Hinton, parties of the first part, and J. G. Hughes, Commissioner of Finance of the State of Missouri, party of the second part. WITNESSETH THAT.

"Whereas, the said second party has, by his examiner, Collins E. Bushnell, made an examination of the Farmers Bank of Leeton, Mo., and whereas the said second party believes as a result of said examination that the above named bank has certain assets of slow, uncertain and doubtful value which will result in a substantial loss to said bank; therefore, the capital stock of said bank is believed to be impaired and the bank is in an insolvent condition.

"Now, therefore, in consideration of said second party agreeing not to take over the affairs of the above named bank and granting them permission to remain open for business, temporarily, in order to perfect a reorganization and to collect or secure such uncertain and doubtful assets and adjust such unsatisfactory conditions as exist, the parties of the first part agree to and do guarantee all the assets and all the liabilities of whatsoever nature, except liabilities to stockholders as such for their capital stock, owing by said bank and guarantee the payment and agree, if necessary, to pay all the obligations on demand at maturity of each and every such obligation of the above named bank. . . ."

Plaintiffs contend that the contract is a general guaranty. We do not think so. It was not a primary asset of the bank, for it expressly provided that it did not guarantee the liability of the bank to its stockholders. It guaranteed the payment of no particular note; but only that the bank's assets (whether notes, real estate or other property) were worth enough to pay its depositors and creditors. It is a secondary asset which guaranteed the bank's liability to depositors and other creditors and was for their benefit only. As such, the obligees are limited to the depositors and other creditors and the contract is only a special guaranty. [12 R. C. L. pp. 1061,

1063.] If so, the transfer of the notes in suit to plaintiffs did not carry a guarantee of payment by defendants.

 Assume that after the execution and delivery of the contract the bank realized on some of its assets and paid its depositors and other creditors and still owned the notes in suit, would it be contended that defendants were liable to the bank for the payment of said notes? We do not think so.

It follows that the demurrer was well ruled. The judgment should be affirmed. It is so ordered. All concur, except *Hays, J.,* not voting, because not a member of the court when cause was submitted.